1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11

PAMELA CRAWFORD,

CASE NO. 3:25-cv-05662-DGE

Plaintiff,

ORDER DISMISSING CASE
WITHOUT PREJUDICE

12          v.

13    DOUGLAS M. MILNER et al.,

14                    Defendants.

15

16          This matter comes before the Court on sua sponte review pursuant to 28 U.S.C.

17    § 1915(a).  Plaintiff, who is proceeding pro se and in forma pauperis ("IFP"), has submitted a

18    complaint against defendants Douglas M. Milner and Michelle M. Milner.  (Dkt. No. 5.)

19    Plaintiff asserts causes of action for: 1) violation of the Fair Housing Act ("FHA"), 2) violation

20    of the Washington Law Against Discrimination, 3) breach of the duty of good faith and fair

21    dealing, and 4) negligent and intentional infliction of emotional distress.  (*Id.* at 3–4.)

22          In August 2024, Plaintiff, an African American woman, viewed an apartment located in

23    Camas, Washington.  (*Id.* at 2.)  Plaintiff alleges she expressed her intent to rent the apartment to

24

ORDER DISMISSING CASE WITHOUT PREJUDICE - 1

1   defendant Michelle Milner, who showed her the apartment and informed Plaintiff the apartment

2   was "all [hers]" once Plaintiff submitted the required documentation.  (*Id.*)  Plaintiff alleges she

3   submitted the documentation on August 24, 2024, and that Michelle Milner acknowledge receipt

4   of the documents and asked her when she wanted to move in.  (*Id.*)  Plaintiff alleges that on

5   August 26, 2024, Michelle Milner informed Plaintiff that the apartment had been rented to

6   another individual who viewed and applied for the apartment on August 25, 2024.  (*Id.*)  Plaintiff

7   alleges Defendants never contacted Plaintiff's landlord and employment supervisor and believes

8   Defendants rented the apartment to a non-African American tenant.  (*Id.*)  Plaintiff believes

9   Defendants' actions were motivated by Plaintiff's race and denied her the right to rent the

10  apartment despite her qualifications.  (*Id.*)

11          Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is

12  subject to a mandatory and sua sponte review and dismissal by the Court to the extent it is

13  frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

14  relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v.*

15  *Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not

16  limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc).

17  "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief

18  can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure

19  12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

20  2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening

21  pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a

22  claim under Federal Rule of Civil Procedure 12(b)(6)").

23

24

1    The FHA "bars discriminatory housing policies and practices" based on "certain

2    protected characteristics or traits." *SW. Fair Housing Council, Inc. v. Maricopa Domestic Water*

3    *Improvement Dist*., 17 F.4th 950, 955 (9th Cir. 2021).  The Act makes it unlawful "[t]o refuse to

4    sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of,

5    or otherwise make unavailable or deny, a dwelling to any person because of race . . . ." 42 U.S.C.

6    § 3604(a).  Here, Plaintiff appears to be asserting a claim for disparate treatment under the FHA.

7    "Disparate treatment is synonymous with intentional discrimination." *Ohio House, LLC v. City*

8    *of Costa Mesa*, 135 F.4th 645, 661 (9th Cir. 2025).  To prevail on this claim a "plaintiff must

9    establish that the defendant had a discriminatory intent or motive." *Id.* (internal citations

10    omitted).  There are multiple ways to prove such intent.  *Id.*

11    Here, Plaintiff's complaint contains several deficiencies that merit dismissal at this stage.

12    Plaintiff's complaint states her *belief* that the person to whom Defendants rented the apartment

13    was a non-African American, but does not plead any facts to support this assertion.  Further,

14    Plaintiff's complaint does not plead any facts to support her allegations concerning Defendants'

15    motivation for renting the apartment to another individual.

16    Accordingly, the Court DISMISSES Plaintiff's complaint under 28 U.S.C.

17    § 1915(e)(2)(B)(ii) but provides Plaintiff with an opportunity to file an amended complaint to

18    address the deficiencies noted in this opinion.  Plaintiff shall file an amended complaint no later

19    than **21 days** from the date of this order.

20    Plaintiff's motion for service of process by United States Marshal (Dkt. No. 6) is

21    DENIED as moot at this time.  Plaintiff may refile a motion for service only after filing an

22    amended complaint.

23

24

ORDER DISMISSING CASE WITHOUT PREJUDICE - 3

Dated this 8th day of August, 2025.

David G. Estudillo
United States District Judge