UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAMELA CRAWFORD,<br><br>                Plaintiff,<br>    v.<br><br>DOUGLAS M. MILNER et al.,<br><br>                Defendants. | CASE NO. 3:25-cv-05662-DGE<br><br>ORDER DISMISING SECOND COMPLAINT WITHOUT PREJUDICE |

      This matter comes before the Court sua sponte pursuant to 28 U.S.C. § 1915(a). Plaintiff, who is proceeding pro se and in forma pauperis ("IFP"), has submitted an amended complaint suing Defendants Douglas Milner and Michelle Milner. (Dkt. No. 10.) Plaintiff asserts causes of action for: (1) violation of the Fair Housing Act ("FHA"), (2) violation of the Washington Law Against Discrimination, (3) violation of the Washington First-in-Time Tenant Screening Law, and (4) intentional infliction of emotional distress. (*Id*. at 5–8.)

**I    DISCUSSION**

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Plaintiff fails to state a claim under the Fair Housing Act. The FHA "bars discriminatory housing policies and practices" based on "certain protected characteristics or traits." *SW. Fair Housing Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 955 (9th Cir. 2021). The Act makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race . . . ." 42 U.S.C. § 3604(a).

Here, Plaintiff appears to be asserting a claim for disparate treatment under the FHA. Plaintiff's claim fails on its face because she remains silent as to the race of the individual who received the unit. (*See* Dkt. No. 8 at 3.) Until Plaintiff can provide any facts asserting an

individual of another race received the unit, Plaintiff cannot state a plausible disparate treatment claim.

Even assuming Plaintiff can allege sufficient evidence someone of a different race received the unit, the facts as stated do not currently establish a disparate treatment claim under the FHA. "Disparate treatment is synonymous with intentional discrimination." *Ohio House, LLC v. City of Costa Mesa*, 135 F.4th 645, 661 (9th Cir. 2025). To prevail on this claim a "plaintiff must establish that the defendant had a discriminatory intent or motive." *Id.* (internal citations omitted). To show discriminatory intent or motive, the plaintiff can use any of the following three approaches: (1) use the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–804 (1973) burden-shifting analysis, (2) show more likely than not a discriminatory purpose motivated the defendant, or (3) show a facially neutral policy has a discriminatory impact. *Id*. at 661–662. None succeed.

*McDonnell* shifts the burden to the defendant to "articulate some legitimate, nondiscriminatory reason" for their actions after the plaintiff shows "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a [position] for which the [defendant] was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the [defendant[ continued to seek applicants from persons of complainant's qualifications." 411 U.S. at 802. Plaintiff shows she belongs to a racial minority. (Dkt. No. 5 at 2.) However, Plaintiff fails to show she meets the other requirements. First, Plaintiff fails to show she was qualified for the unit. Plaintiff herself concedes "Income Verification past and current" was required. (Dkt. No. 3.) Plaintiff provided only her current boss's phone number. (*Id*. at 4, fn. 1.) She provides no facts indicating she provided any other form of proof of income past or present. Moreover, implicit in an income

ORDER DISMISING SECOND COMPLAINT WITHOUT PREJUDICE - 3

verification requirement is the requirement the income is sufficient to pay rent for the unit. Plaintiff provides no facts asserting what the required income was or whether she was able to pay for the unit. Second, Plaintiff also fails to show the defendants continued to seek applicants from persons of her qualification. Plaintiff provides no facts alleging the requirements for renting the home remained the same.

Plaintiff also fails under the other two approaches. Plaintiff states there is only a "plausible inference that Defendants acted with discriminatory intent." (Dkt. No. 10 at 6.) She does not allege it is more likely than not Defendants acted with discriminatory intent. Plaintiff also does not allege any specific policy that led to her dismissal much less how a facially neutral policy is discriminatory in effect. Accordingly, Plaintiff fails to state a cause of action under the Fair Housing Act.

Plaintiff's remaining claims for violations of the Washington Law Against Discrimination and Washington First-in-Time Tenant Screening Law as well as intentional infliction of emotional distress are all state law claims. Because the Court can decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction" and the Court has dismissed Plaintiff's claim under the FHA, these three claims are also dismissed. 28 U.S.C. § 1367(c)(3).

## II   ORDER

Accordingly, the Court DISMISSES Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) but provides Plaintiff with an opportunity to file an amended complaint to address the deficiencies noted in this opinion. Plaintiff shall file an amended complaint no later than **October 20, 2025**. Failure to file an amended complaint by this date will lead to the case

being dismissed without prejudice.  Failure to address the deficiencies noted in this order or the Court's previous order may also lead to dismissal without prejudice.

    1. Plaintiff's second motion for service of process by the United States Marshall (Dkt. No. 11) is DENIED as moot.  Plaintiff may refile a motion for service only if she files an amended complaint and that amended complaint survives § 1915(a) review.

Dated this 29th day of September, 2025.

David G. Estudillo
United States District Judge